STATE OF MAINE                 SUPERIOR COURT
CUMBERLAND, ss                CIVIL ACTION
                               DOCKET NO. AP-17-41

REC'D CUMB CLERKS OF
FEB 2 '18 PM2:21

THOMAS YARCHESKI,

         Plaintiff-Appellant

v.                                 DECISION AND ORDER

G.T INDEPENDENCE, INC.,

         Defendant-Appellee

Before the court is plaintiff-appellant Thomas Yarcheski's appeal[1] from an order of the Small Claims Court dismissing plaintiff's small claims action without prejudice. Mr. Yarcheski argues that the Small Claims Court erred when it construed plaintiff's claim as one for declaratory relief instead of a claim for monetary damages as a result of a breach of contract. A review of the record[2] shows that the Small Claims Court did not err when it concluded that plaintiff sought equitable relief beyond the authority granted to the Small Claims Court. See 14 M.R.S. § 7481 (2016). Further, contrary to plaintiff's argument, the Small Claims Court expressly found that plaintiff had not established any other claim for compensation. Specifically, the court found that plaintiff had not established that he was in privity of contract with defendant or that authority exists allowing plaintiff to obtain, through court action, direct reimbursement of Medicaid funds from defendant. Thomas Yarcheski v. G.T. Independence, No. SC-17-165, at *2 (Me. Dist. Ct.,

---

[1] Plaintiff agrees he did not use the correct form for an appeal of a small claims decision. He also agrees he attached exhibits to his brief that were not presented to the Small Claims Court. (Pl.'s Rep. Br. 1-2.)
[2] Although no written transcript has been provided, the court has listened to the audio recording of the September 5, 2017 hearing.

Bridgton, Sep. 5, 2017). The record evidence is sufficient to support the court's findings and conclusions.

The entry is

The Judgment of the Small Claims Court is AFFIRMED.

Date: February 2, 2018

Nancy Mills
Justice, Superior Court

AP-17-041

STATE OF MAINE
CUMBERLAND, ss:

DISTRICT COURT
Location: Bridgton
Docket No. BRIDC-SC-17-165

THOMAS YARCHESKI, )
)
Plaintiff, )
)
)
)
v. )
)
)
GT INDEPENDENCE, )
)
Defendant, )

SMALL CLAIMS
DECISION

This matter came before me for hearing on plaintiff's statement of claim. Mr. Yarcheski appeared as self-represented litigant and Roy Gedat, State Director of the defendant private agency appeared on behalf of the defendant. In addition, Assistant Attorney General Henry Griffin appeared on behalf of a subpoenaed witness.[1] After consideration of the legal argument at hearing presented by both parties,[2] and for the reasons set forth below, the court dismisses this matter without prejudice.

Mr. Yarcheski claims he is a qualified 'employer' under the Medicaid program authorized to contract for services for a private caregiver to provide home based services to his disabled spouse. Defendant is a private agency authorized by the State of Maine to process employment private home-based caregiver applications and to make payment to these caregivers. Mr. Yarcheski claims that defendant has failed to properly process his application for the caregiver he has hired (Elizabeth Cash) and has imposed unnecessary or unauthorized requirements to complete the application or process wage payments. As a result, he claims that he has paid 'out of his own pocket' the compensation for the caregiver in an amount that, as of the hearing date, was at

---

[1] After consideration of the motion to quash filed by the State on behalf of the subpoenaed witness, Stephanie Nadeau, the court granted the motion, in part, by handwritten order dated 8/30/2017. The decision to dismiss this case makes further action on the motion unnecessary.

[2] The court indicated it would allow Mr. Yarcheski additional time to submit written legal argument to address the two issues raised by the court: a) the court's authority to issue declaratory relief and b) Mr. Yarcheski's right to seek direct payment (reimbursement) from defendant under Medicaid regulations for monies he claimed he advanced to the caregiver. Mr. Yarcheski then acknowledged that, in his words, the 'regulations are silent' and that he would not be able to show the court the requested authority. Instead, he asked the court to interpret and clarify regulations to address the 'vacuum' he alleges is highlighted by his claim. The court declines to undertake this exercise in regulatory declaratory relief for the reasons stated herein.

1

least $1,187.28.[3] Mr. Yarcheski wants the court to declare his employment application complete (claiming that he has provided all the paperwork *he* deems to be necessary) and to order GT Independence to process future wage payments and to compensate him directly for those payments he has had to make.

As such, Mr. Yarcheski is asking the court to issue a form of declaratory relief. That is, Mr. Yarcheski is asking the court to review the applicable regulations and tell the defendant what it is required to do under the regulations. At the same time, Mr. Yarcheski admits that his 'situation' is not contemplated by the existing statute or regulations and so, in effect, he is asking the court to first interpret and clarify the law and then declare the obligations of the parties and procedure required under the statute. When the court inquired as to whether he was aware of any authority or procedure under Medicaid to provide reimbursement to an 'employer' (instead of the caregiver) who has advanced or paid funds directly to a caregiver, Mr. Yarcheski was unable to provide such authority to the court.

Plaintiff is therefore seeking both damages (recovery of money) and declaratory relief. As for the damages, plaintiff has not established that he has any privity of contract with the defendant or that there is any authority for him to obtain direct reimbursement or payment of Medicaid funds for monies that he claims should be regularly paid to the caregiver.[4] Accordingly, plaintiff has failed to establish that he has a direct claim for compensation of these wages from defendant at this time.

As for the declaratory relief sought by the plaintiff the court determines that it is without authority in a small claims proceeding to issue declaratory relief and the type of directives sought by the plaintiff. Small claims court is a court of limited jurisdiction, and the court has only the power authorized by statute to resolve certain claims in a "simple, speedy and informal" manner. 14 M.R.S.A. §7481. That statute provides, in pertinent part that,

> ......The District Court shall have the power to grant monetary and equitable relief. Equitable relief is limited to orders to return, reform, refund or rescind. [emphasis added].

Therefore, the court does not have the authority in a small claims action to simply declare the rights of the parties or to declare whether or not a breach of regulations or statute has occurred. To obtain that type of relief plaintiff would need to file a declaratory judgment claim in 'regular' District Court pursuant to

---

[3] See 'motion to amend damages' filed 9/1/17. The motion was 'granted' as a preliminary matter to allow Mr. Yarcheski to amend his statement of claim to include the increased amount of his claimed damages.

[4] The caregiver may have a claim for payment and Mr. Yarcheski may have administrative remedies to pursue his claims, but he has failed to establish a theory of recovery or liability for him to receive funds directly from the Medicaid provider under these circumstances.

14 M.R.S.A. §5951 or to seek appropriate relief in Superior Court.[5] Similarly, the limited equitable powers of this court in a small claims action do not authorize the court to provide the relief requested by the plaintiff.

The court is sympathetic to the plaintiff's struggle to obtain appropriate services and to provide home based care to his incapacitated spouse. For this reason, the court took the time to have Mr. Gedat state, on the hearing record, the specific paperwork that needs to be completed for Mr. Yarcheski to obtain payment authorization. As stated by Mr. Gedat, may apparently be able to make a claim that includes retroactive relief as well, subject to approval by the supervisory agency ('Alpha One'). Although Mr. Yarcheski disputes whether or not he has already completed and submitted some of this required paperwork, the court hopes Mr. Yarcheski will take immediate steps to resolve this matter in an expeditious manner by completing and, if necessary, re-submitting the identified paperwork. None of the requested forms or paperwork appears to be difficult to obtain or complete within a very short time period, and the completion and resubmission of these documents could eliminate a lengthy and complicated battle that could prove both frustrating, and even unsuccessful, for Mr. Yarcheski.

The supplemental oral findings of fact and conclusions of law stated on the hearing record are also incorporated herein. For all of the reasons set forth above as well as on the hearing record, it **HEREBY ORDERED** that this matter is **DISMISSED** *without prejudice*.

The Clerk of Court is instructed to incorporate this order by reference by a notation made upon the civil docket pursuant to M.R.Civ. P. 79(a) to read, "After hearing, statement of claim is dismissed without prejudice."

DATED: ___9\5\17___

Hon. Peter Darvin
Judge, District Court

---

[5] While plaintiff may be legitimately confused as to why the same District Court cannot simply make certain orders in a small claims case that it could otherwise make in other civil actions, this is the trade off and compromise created by the Legislature when the small claims system was designed as an alternative forum to process certain types of claims without the formalities of the 'normal' rules and requirements of court.